UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Nancy Usigbe,

        Plaintiff

v.

Michael Petramala,

        Defendant

Case No. 2:24-cv-01043-CDS-NJK

**Order Granting Motion for Remand and Denying Remaining Motions as Moot**

[ECF Nos. 9, 10, 11]

      This is an eviction action that initiated in Las Vegas Justice Court between plaintiff Nancy Usigbe and defendant Michael Petramala. On May 29, 2024, Petramala removed this action to this court. ECF No. 1. There are several motions pending before the court, including Usigbe's motion to expedite the eviction process (ECF No. 9), Petramala's objection and motion to strike that motion (ECF No. 10), and Usigbe's motion to remand this action (ECF No. 11). Petramala filed an opposition to the motion for remand. ECF No. 12. For the reasons set forth herein, the court has determined that there is no subject matter jurisdiction, so the motion to remand is granted. The other motions are denied as moot.

I.    Discussion

      "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction falls to the party invoking the statute. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). A federal court must have subject matter jurisdiction to properly adjudicate a dispute. *See Osijo v. Golden Gate Univ.*, 932 F.2d 973, at *1 (9th Cir. 1991) (citing U.S. Const. art. III, § 2). If a court determines it lacks subject matter jurisdiction over a removed action at any stage of the proceedings, it must remand the action. *See Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter

jurisdiction "is mandatory, not discretionary."); *see* 28 U.S.C.S. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Here, that burden of proving federal jurisdiction rests with Petramala and he fails to meet his burden. This is a landlord/tenant dispute, where Usigbe is trying to evict Petramala. *See* Compl., ECF No. 8 at 3–5. In Petramala's first statement regarding removal (ECF No. 6), he seemingly argues that there is diversity of citizenship between the parties because Usigbe is a "subject of South Africa", and he is a U.S. citizen. ECF No. 6 at 1. But his statement alone is insufficient to establish diversity of citizenship. To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States. *See, e.g., Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980). To be a citizen of a state, a natural person must first be a citizen of the United States. *Newman–Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). A natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is that person's permanent home, where that person resides with the intention to remain or to which that person intends to return. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). It is unclear if Usigbe is a U.S. citizen or not. Nonetheless, the moving papers at a minimum suggest that Usigbe is currently residing in Nevada—just like Petramala. Thus, the information before the court is insufficient evidence to support there being complete diversity of citizenship between the parties.

Further, federal courts have diversity jurisdiction under 28 U.S.C. § 1332 when there is "complete diversity among the parties **and** an amount in controversy in excess of $75,000." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018) (citing 28 U.S.C. § 1441(a)) (emphasis added). Thus, when removing a case to federal court based on diversity jurisdiction, a defendant must "include only a plausible allegation that the amount in controversy exceeds the

2

jurisdictional threshold," and need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Id.* at 416 (quoting *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)). In Petramala's first statement about removal, he alleges that the amount in controversy is $100,000 due to "eight urgent care medical visits documenting medical damages and pain and suffering due to exposure to toxic chemical fumes causing . . . difficulty breathing and other onerous highly damaging symptoms." ECF No. 6. However, it is not clear as to how these relate to the complaint, nor is it clear from the statement how eight urgent care medical visits have created damages up to $100,000. Further, a review of the complaint filed by Usigbe in Las Vegas Justice Court (*see generally* ECF No. 8 at 3–5) suggests she is currently only seeking to evict Petramala from her property, which is an equitable remedy, not one that contemplates money damages, so it is unclear if $75,000 threshold can ever be met. Consequently, Usigbe's motion for remand is granted.

II.     Conclusion

It is therefore ordered that plaintiff's motion to remand **[ECF No. 11] is GRANTED.**

It is further ordered that plaintiff's motion to expedite **[ECF No. 9]** and defendant's objections and motion to strike **[ECF No. 10] are DENIED AS MOOT.**

The clerk of court is kindly directed to remand this action, with a copy of the docket, to Las Vegas Justice Court Civil Evictions Department (Case No. 24ED15663) and to close this case.

Dated: October 4, 2024

_____
Cristina D. Silva
United States District Judge